THE STATE OF NEBRASKA, EX REL. AMANDA J. NEL-
:SON, V. JOHN HARPER.

.[FILED JUNE 13, 1889.]

1. Taxes: DEED: MANDAMUS. In an application for a mandamus to compel the county treasurer to execute to the relator, who was the holder of a certificate of purchase at the tax sale, a tax deed, it was shown that the land had been redeemed subsequent to the sale; but there was no proof that the person paying the redemption money had authority from the person in whose name the payment was made. It was *held*, that there was a presumption that the necessary authority was shown to the treasurer to entitle him to receive the money, the acts of public officers being presumed to be regular.

2. ———: ———: REDEMPTION. In making such redemption, the amount paid was the taxes with accrued interest; but nothing was paid as printers' fees, under the provisions of sections 123 and 125 of the revenue law of this state. It was not shown upon the trial that any proof had been left with the treasurer

of the amount actually paid for the publication of the notice required by said sections, and that the failure to pay the printers' fee would not avoid the redemption.

ORIGINAL application for mandamus.

*Geo. P. Sheesley*, for relator.

*Matt Miller*, for respondent.

REESE, CH. J.

This is an application to this court in the exercise of its original jurisdiction for a peremptory writ of mandamus to the county treasurer of Butler county to compel him to execute and deliver to Amanda J. Nelson, a treasurer's tax deed conveying to her the east half of the southeast quarter of section seven, in township sixteen north, of range three in Butler county.

It appears from the record that this land was sold to P. J. Garfield on the 19th day of August, 1884 by John Harper, the county treasurer, for the delinquent taxes for the years 1876 and 1882; and that by *mesne* assignments the certificates of sale had been transferred to the relator. The petition contains all the averments necessary to entitle the relator to the writ, and need not be further noticed, except as to certain allegations, which are in substance that the respondent refused to execute and deliver the treasurer's deed, and gave as a reason for such refusal that the land had been redeemed from the said tax sale by one S. H. Mallory, in whose name the land was taxed, and whose title to the said land was a treasurer's deed, issued to him on a date not given, but which was prior to the expiration of the time in which to redeem from relator's certificate. But it was alleged that the redemption was made by one A. J. Cook, on the 31st day of July, 1886; that on that day he appeared at the office of the county treasurer

and paid to such treasurer, for the purpose of redeeming the land, the sum of $66.70, in the name of S. H. Mallory, and for that purpose alone; that the amount so paid was the amount of taxes, together with lawful interest, as paid by the said P. J. Garfield at the time of the purchase, and for taxes thereafter accruing; and that the treasurer at that time entered upon his proper books in his office the usual statements of redemption, and in the name of S. H. Mallory. It is alleged that at the time of the redemption, J. A. Cook did not show himself to the defendant to be the owner or occupant of the land, or in possession thereof, nor to be the authorized agent of the owner, or of any one occupying or in possession of the same, or in any way entitled to redeem it; that in fact he was not the agent of Mallory for the purpose of redeeming said land, and had no lawful authority so to do. The usual averments of demand on the part of the relator are made. Neither the county treasurer nor S. H. Mallory have answered, but an answer has been filed by the said Cook, in which substantially all the averments of the petition have been admitted, so far as the sale of the real estate is concerned; but alleging at that the time he made the redemption, he was the agent of Mallory, and at that time presented to the county treasurer his authority to do so. It is not deemed necessary to set out in this opinion any of the evidence which has been introduced to sustain the relator's demand. There are but two questions involved : First, had Cook authority to make the redemption for Mallory at the time he did ; and second, was his failure to pay to the county treasurer the amount due relator for advertising the land under the provisions of section 125 of the revenue act, fatal to his redemption? It is conceded that he did not pay the expenses of such notice.

Upon the first question there is substantially no proof; and were it not for the legal presumptions which exist in favor of the regularity of the proceedings of officers

in the discharge of their official duties, we would be left substantially to conjecture upon this point; or, perhaps, the relator would be entitled to her writ. The treasurer was called as a witness and when interrogated as to the exhibition of any authority by Cook at the time he made the redemption, the witness stated that he did not remember whether any such authority was exhibited or not. The attorney for relator testified that he was in the county treasurer's office on the day the redemption was made by Cook, and that in a conversation with him in the presence of the treasurer, Cook did not claim to have any authority from Mallory to make the redemption, and no authority was at that time shown by him. But it was shown by this witness that the redemption was not made at that time; that the witness, and perhaps Cook, both, left the office of the county treasurer and went to their homes or places of business; and that at another time on that same day Cook appeared in the office of the treasurer and made the redemption, by paying the money which he did pay. In the absence of proof to the contrary, we must hold that the presumptions are that the proper showing was made to the county treasurer before he permitted Cook to redeem; and therefore it will be presumed that he had authority to pay the money to the county treasurer. This claim on the part of relator therefore cannot avail her.

It appears by the pleadings that the amount of money paid by Cook was the amount of taxes paid at the time of the sale, and the taxes which thereafter accrued, with their lawful interest. He did not pay any printers' fee allowed under section 125, art. 1, of the revenue law. It sufficiently appears that at the time the redemption was made, something was said about this fee. We here quote the section referred to. It is as follows:

"Sec. 125. In case any person shall be compelled to publish such notice in a newspaper, then before any person who may have a right to redeem such lands or lots from

such sale shall be permitted to redeem, he shall pay the officer or person who by law is authorized to receive such redemption money, the amount paid for printers' fee, for publishing such notice, for the use of the person compelled to publish such notice as aforesaid. The fee for such publication shall not exceed $1 for each tract or lot contained in such notice."

It will be seen by this section that before a redemption can be made, the person desiring to redeem shall pay the officer or person who by law is authorized to receive such redemption money, the amount *paid* for printers' fees for publishing such notice, for the use of the person so compelled to publish the notice, and which fee shall not exceed $1 for each tract or lot contained in the notice.

By this section it is apparent that no fee is absolutely fixed by law. The amount of money to be paid must be equivalent to the amount actually paid for publishing the notice. Now, how will the county treasurer, or the person seeking to redeem, know the exact amount paid by the holder of the certificate unless some evidence of that fact is left with the county treasurer immediately after the payment is made, or at any rate before the redemption is made?' Section 123 requires the notice to be given before the deed can be executed, and section 125 is only a limitation upon the amount which the owner of the lot or land shall be compelled to pay in addition to other money as a condition precedent to the redemption. (*Swan v. Huse & Son*, 15. Neb. 465.) While the holder of the certificate is entitled to be recompensed for the amount paid to the printer, he can only recover that amount, which cannot exceed $1. We hold, therefore, that before the county treasurer can lawfully require of any person the payment of this money, some proof must be left with him by the person who actually paid it, of the amount so paid, in order that he may collect the same. The failure therefore to pay the expenses of the publication on the part of the person making the

redemption, under the circumstances named, would not avoid the redemption.    It is beyond question that the actual amount of taxes paid by the relator and her grantors or assignors, with the lawful interest thereon, have been paid to the treasurer for her benefit; and as we have seen, the presumption is they were paid by the person having the right so to do.

The writ must therefore be denied.

WRIT DENIED.

THE other Judges concur.